### 63699. THOMPSON v. THE STATE.

QUILLIAN, Chief Judge.

The defendant brings this appeal from his conviction for aggravated sodomy. *Held:*

1. It is alleged that the state failed to prove a corpus delicti for the offense charged — aggravated sodomy. Deputy Sheriff Bilbo witnessed the incident between the defendant and the alleged victim. The jury was authorized to find that his testimony fully established the corpus delicti. Further, there was testimony that the alleged victim complained to Detective Parrott who taped the complaint. The victim testified at trial that nothing occurred, but admitted that

if he did testify against the defendant "a kite could be flown on you . . . and that you could be cut . . ." This enumeration is without merit.

2. The trial court did not err in failing to grant defendant's motion for a new trial or directed verdict of acquittal. Defendant argues that "based on the failure of the state to prove penetration" the verdict of guilty was unwarranted by the evidence. We do not agree for two reasons: 1) proof of penetration is not essential to a conviction of sodomy as defined by Code Ann. § 26-2002 (Ga. L. 1968, pp. 1249, 1299); *Carter v. State,* 122 Ga. App. 21 (4) (176 SE2d 238); *Knight v. State,* 130 Ga. App. 551 (2) (203 SE2d 911); *Ruff v. State,* 132 Ga. App. 568 (5) (208 SE2d 581); 2) we find that the jury was authorized by the evidence to conclude that penetration occurred.

3. Defendant contends that under Code Ann. § 38-109 (Code § 38-109) — which requires that to warrant a conviction on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of guilt, the circumstantial evidence was insufficient to support a finding of guilt. We cannot agree. The state did not rely solely on circumstantial evidence. The alleged incident was observed by Deputy Sheriff Bilbo and he related what he saw as well as what he heard each of the participants say. "Direct evidence is that which immediately points to the question at issue." Code Ann. § 38-102 (Code § 38-102). We find the direct and circumstantial evidence of record authorized the verdict. *Heard v. State,* 153 Ga. App. 474 (265 SE2d 828); *Kerr v. State,* 154 Ga. App. 470 (1) (268 SE2d 762).

4. The defendant was not denied equal protection of the law through prosecutorial misconduct. The alleged misconduct was that the Assistant District Attorney spoke to the alleged victim before trial, and was told nothing happened. Defendant contends that such testimony placed the District Attorney on notice that there was no crime and the witness may have perjured himself. Further, he argues it is the duty of the District Attorney "to subserve public justice" and "not only prosecute the accused, but to defend the innocent." The American Bar Association Standards for Criminal Justice, in describing The Prosecution Function, sets forth the standard that "[t]he duty of the prosecutor is to seek justice, not merely to convict." General Standard 1.1(c). His fundamental "obligation is to protect the innocent as well as to convict the guilty, [and] to guard the rights of the accused as well as to enforce the rights of the public." ABA Standards, The Prosecution Function 44 (Approved Draft). However, it should be noted that "he must exercise sound discretion in the performance of his functions." Id. General Standard 1.1(b).

The prosecutor in the instant case was aware of an initial

complaint by this same witness to Detective Parrott and an eyewitness to the event in Deputy Sheriff Bilbo. Although he was faced with a recanting witness — who had been recorded on tape, he was aware the witness could be in fear for his safety for he told him if he testified against the present defendant he "could be cut." We find neither prosecutorial misconduct nor overreaching. United States v. Jorn, 400 U. S. 470 (91 SC 547, 27 LE2d 543); United States v. Dinitz, 424 U. S. 600 (96 SC 1075, 47 LE2d 267); United States v. Kessler, 530 F2d 1246 (5th Cir. 1976); United States v. Wilson, 534 F2d 76 (6th Cir. 1976); United States v. Buzzard, 540 F2d 1383 (10th Cir. 1976).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 17, 1982 —
REHEARING DENIED JULY 12, 1982 — 

William A. Wehunt, for appellant.
William A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney, for appellee.