## 72928. WIMPEY v. THE STATE.
(349 SE2d 773)

SOGNIER, Judge.

Wimpey appeals from his conviction of burglary, aggravated sodomy and assault with intent to murder.

1. Appellant contends the trial court erred by failing to charge the jury on fingerprint evidence. Appellant made no request for such a charge and after the court's charge to the jury the court asked if appellant had any objection to the charge. Appellant stated that he had none; hence, he has waived his right to enumerate error as to the charge. *Henry v. State*, 176 Ga. App. 462, 464 (5) (336 SE2d 588) (1985).

2. In appellant's remaining enumerations of error he contends the evidence is not sufficient to support the verdict as to aggravated sodomy because no penetration occurred; there was no evidence that appellant's sexual organ was involved; the evidence would only support a finding of attempted sodomy because penetration was not proved; and it was anatomically impossible for the offense to have occurred in the manner described by the victim. He also contends his convictions represent a denial of equal protection of the law under the Fourteenth Amendment to the United States Constitution.

Proof of penetration is not essential to a conviction of sodomy as defined by OCGA § 16-6-2 (a) (formerly Code Ann. § 26-2002). *Thompson v. State*, 163 Ga. App. 35, 36 (2) (292 SE2d 470) (1982). This court has held that all that is required is some contact, *Carter v. State*, 122 Ga. App. 21, 23 (4) (176 SE2d 238) (1970), and the evidence clearly showed such contact and that appellant's sexual organ was involved. Whether the act was "anatomically impossible" was a question of fact for determination by the jury, which decided that question adversely to appellant's contention. Appellant did not raise his constitutional question of equal protection of the law at trial, and this court cannot consider questions raised for the first time on review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

We have examined the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 25, 1986 —
REHEARING DENIED OCTOBER 14, 1986

*Jay W. Bouldin*, for appellant.
*Robert E. Keller, District Attorney, David C. Marshall, Assistant District Attorney*, for appellee.