## A89A1637. GRANT v. THE STATE.
(387 SE2d 408)

SOGNIER, Judge.

Franklin Eugene Grant was convicted of child molestation and violation of the Georgia Controlled Substances Act. He appeals, enumerating the general grounds as to the child molestation conviction.

The evidence adduced at trial established that the seven-year-old victim and her younger brother went to appellant's house to spend the night with appellant's eight-year-old daughter. Appellant's adult female companion was not present that night, leaving appellant alone with the three children. A pallet for the three children was made up in the television room, and the victim went to sleep with her brother on one side and appellant's daughter on the other. She awoke in the middle of the night to find appellant on the pallet between her and appellant's daughter. Appellant had shifted the victim's shorts and panties and was fondling the area between the victim's legs with his hand. After the victim awoke, appellant moved over beside the victim's brother. Appellant returned the victim and her brother to their home the following morning, and the victim's mother testified that the victim came immediately to the mother's bedroom and informed her what had happened. An investigator for the Bartow County Sheriff's Department testified that the victim related the same story to the officer. The officer who took appellant's statement testified that while appellant had told the officer he could not remember all the events of that night, appellant never denied committing the act. Appellant testified that he did not "knowingly" touch the victim, though he acknowledged he could have touched her and not known it.

Appellant argues the evidence was insufficient to prove child molestation, as defined by OCGA § 16-6-4, specifically in regard to his intent to arouse or satisfy his sexual desires. " 'Intent, however, is a question of fact to be determined upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. [Cit.]' [Cit.]" *In re J. B.*, 183 Ga. App. 229, 230 (6) (358 SE2d 620) (1987). The evidence showed here that appellant positioned himself by the victim, in the middle of the night, in bed, moved both her outer and under clothing, fondled the victim with his hand, and then moved to another position when the victim awoke. "From these facts it can be inferred that the appellant committed those acts in order to satisfy his own sexual desires. This was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant had committed the offense of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); [Cits.]." *In re J. B.*, supra at 231.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 12, 1989.

James E. Greene, for appellant.

Darrell E. Wilson, District Attorney, Kimberly L. Schwartz, Assistant District Attorney, for appellee.