A93A0977. SMITH v. THE STATE.
(437 SE2d 333)

SMITH, Judge.

Eugene Smith appeals his conviction of two counts of enticing a child for indecent purposes, OCGA § 16-6-5 (a); three counts of child molestation, OCGA § 16-6-4 (a); and two counts of aggravated child molestation, OCGA § 16-6-4 (c).

Construed to support the verdict, the evidence at trial showed that Smith invited his stepson and a playmate to join him in his workshop in a small building in the back yard of his home, where he exposed himself and, using lubricating jelly, touched the children's genitals and had his stepson touch Smith's genitals.

1. In two enumerations, Smith contends the trial court erred in granting the State's motion in limine preventing him from introducing evidence that the two victims had engaged in prior sexual activity, and in sustaining objections to the questioning of witnesses designed to elicit descriptions of those activities.

The motion in limine was granted after a hearing several months before trial. At the commencement of the trial, before a different judge, Smith again raised his objections to the grant of the motion in limine, arguing that evidence that the two victims had previously engaged in similar sexual activity was admissible for two reasons: first, to show that the seven-year-old victims could have gained their specific knowledge of sexual activities in ways other than having been molested by Smith; and second, to enable him to support his sole defense, which was that he had taken the boys to his workshop to discipline and lecture them after he had again "caught" them engaging in sexual activity with each other and that he may innocently have touched his stepson's genitals during the lecture.

The trial judge ruled that he would permit a very restricted introduction of such evidence, to be presented only through the testimony of Smith and only in general terms. Smith's counsel would be permitted to ask questions of the children on cross-examination regarding their prior sexual activity, but any objections to those questions would be sustained. However, the transcript reveals that during the course of the trial the judge permitted extensive testimony establishing the victims' prior sexual activity and describing that activity. Consequently, the very evidence Smith sought to have admitted was, in fact, admitted. Smith's contentions, therefore, are not borne out by the record. Our decision must be made on the record and, where the record does not support the contention of error, there is nothing presented to this court for review. *Wiggley v. State*, 204 Ga. App. 583, 584 (2) (420 SE2d 82) (1992).

2. Smith's remaining enumerations raise the general grounds. We find the evidence was sufficient to enable the jury to find appellant guilty of the charged crimes under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(a) Contrary to Smith's assertion, there was evidence that he "enticed" the children to his workshop within the meaning of OCGA § 16-6-5 (a). One victim testified that they were playing in the house, and it was Smith's idea to go to his workshop. Smith himself testified that he told the victims to go to the workshop because he "didn't want any interruptions." The asportation element of this crime therefore was proved, and the jury was authorized to find Smith guilty beyond a reasonable doubt of enticing a child for indecent purposes. See generally *Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335) (1990).

(b) Smith contends the evidence was insufficient to convict him of child molestation because there was no evidence showing that the acts were done with the intent to satisfy Smith's sexual desires, which is an element of the offense. However, whether the requisite intent existed is a question of fact, to be determined by the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive. *Grant v. State*, 193 Ga. App. 178 (387 SE2d 408) (1989). Although some evidence conflicted, particularly the testimony of Smith's stepson, who at trial both affirmed and denied that Smith touched him in the workshop, there was other evidence, presented through the testimony of the DFCS social worker who interviewed the stepson and the deputy sheriff who was present at the videotaped interviews of the boys, sufficient to establish that Smith showed the two children Playboy magazines and took them to the barn, where he had his stepson rub lubricating jelly on his sex organ in the presence of the other boy. These circumstances are more than sufficient to have authorized the

jury to find, beyond a reasonable doubt, that Smith had the requisite intent, id., and that he was guilty of child molestation. The trial court properly charged the jury regarding intent, and the jury's factual determination not being clearly erroneous, we may not disturb it. *Blanton v. State*, 191 Ga. App. 454, 455 (1) (382 SE2d 133) (1989).

(c) There was sufficient evidence of oral and anal sodomy to have authorized the jury to find Smith guilty beyond a reasonable doubt of aggravated child molestation. In his videotaped interview, Smith's stepson testified that Smith had asked him to perform oral sex and had tried to anally sodomize him. The stepson's testimony was confirmed by the deputy sheriff, who testified that he had told her the same things he had said on the taped interview, and the therapist who treated the stepson, who testified that the child told her and demonstrated to her with anatomically correct dolls that Smith had committed oral sodomy and attempted anal sodomy. Any act of child molestation involving sodomy constitutes aggravated child molestation. OCGA § 16-6-4 (c).

(d) Smith contends there was a fatal variance between the indictment and the evidence at trial. The indictment charged him with committing aggravated child molestation by putting his sex organ in the victim's anus, and the evidence showed that no penetration occurred. Penetration, however, is not an element of sodomy. OCGA § 16-6-2 (a); *Wimpey v. State*, 180 Ga. App. 529, 530 (2) (349 SE2d 773) (1986). Moreover, under the test announced in *DePalma v. State*, 225 Ga. 465 (3) (169 SE2d 801) (1969), no fatal variance between the indictment and the proof exists if the defendant is informed of the charges against him and protected from subsequent prosecutions for the same offense. Assuming a variance existed here, it met the *DePalma* test: Smith was not misled or prejudiced, so any variance was not fatal. See *Winter v. State*, 171 Ga. App. 511, 512 (1) (320 SE2d 233) (1984).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 5, 1993 —
RECONSIDERATION DENIED OCTOBER 25, 1993.

*Ruskell & Harris, G. Channing Ruskell, McVay & Stubbs, Robert M. Dyer,* for appellant.

*Garry T. Moss, District Attorney, Cecelia V. Moutoux, Assistant District Attorney,* for appellee.