A94A2523. FARMER v. THE STATE.
(450 SE2d 271)

BIRDSONG, Presiding Judge.

Johnny Byron Farmer was convicted of one count of incest, aggravated sodomy and aggravated child molestation, and of five counts of child molestation. The two child victims were his adopted daughter and his stepdaughter, respectively. He appeals enumerating as error insufficiency of the evidence and denial of his motion for directed verdict of acquittal. *Held*:

Except as hereinafter discussed regarding child molestation charge number eight, at trial each victim testified as to all the elements of the particular charges of which she was the averred victim; a police officer and relatives testified as to statements made by the victims regarding the scope and nature of appellant's sexual misconduct toward them. The brother of one of the victims testified in partial

corroboration that he observed appellant in his sister's bedroom and that his sister was hiding behind the door with her top off and her hands covering her breasts; a pediatrician testified that she examined the victim, S. W., and found her hymen "completely gone." On appeal appellant basically contends that for divers reasons the evidence presented by the State at trial lacks in credibility and is insufficient to support his conviction.

As to child molestation charge number eight, the sole child molestation act averred is that appellant did cause the said victim to place her hand upon his penis; however, at trial the victim testified that the accused unbuttoned his pants and placed the victim's hand inside his trousers, but that the victim immediately jerked her hand away upon feeling appellant's pubic hair. We conclude that this evidence would support appellant's conviction of child molestation charge number eight under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). "[U]nder the test announced in *DePalma v. State*, 225 Ga. 465 (3) (169 SE2d 801) . . . no fatal variance between the indictment and the proof exists if the defendant is informed of the charges against him and protected from subsequent prosecutions for the same offense. Assuming a variance existed here, it met the *DePalma* test: [appellant] was not misled or prejudiced, so any variance was not fatal." *Smith v. State*, 210 Ga. App. 634, 636 (2) (d) (437 SE2d 333). *Roberson v. State*, 187 Ga. App. 485, 487 (370 SE2d 661), where the proof offered established that the crime was committed in "a wholly different manner than that specifically alleged in the indictment," is not controlling; the child molestation offense at issue was committed in substantially the same manner as specifically averred in the indictment. Further, appellant abandoned any issue of fatal variance by failing to argue or provide citations in his appellate brief to support such a contention. Court of Appeals Rule 15 (c) (2).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Further, the proper test when sufficiency of the evidence is challenged by a motion for directed verdict of acquittal is the "reasonable doubt" test of *Jackson v. Virginia*, supra. *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia*, supra.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 2, 1994 —
RECONSIDERATION DENIED NOVEMBER 16, 1994 — 

*Evan L. Stapler*, for appellant.
*George C. Turner, Jr., District Attorney, Thomas V. Driggers, E. Chandler Barrett, Assistant District Attorneys*, for appellee.