A94A1955. FOSTER v. THE STATE.
(453 SE2d 482)

ANDREWS, Judge.

Foster was convicted by a jury of the offenses of child molestation against one victim and sodomy against another victim. He appeals from the judgment entered on the convictions.

1. Foster claims the evidence was insufficient to support the child molestation conviction. More specifically he claims there was no evidence proving he committed any alleged act with "the intent to arouse or satisfy [his] sexual desires . . ." as set forth in OCGA § 16-6-4 (a) as an element of the offense of child molestation.

Evidence showed that Foster lived in the same neighborhood with the victim and allowed the victim and other children to visit his residence to use his swimming pool. The victim testified that on two occasions when she was alone with Foster at his residence, he touched her on her breast and vagina while she was clothed. She testified that she tried to pull away when he did so but he held her. Foster denied the accusation.

"[W]hether the requisite intent existed [was] a question of fact,

to be determined by the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive. [Cit.]" *Smith v. State*, 210 Ga. App. 634, 635 (437 SE2d 333) (1993). The evidence was sufficient to support an inference that Foster committed the acts at issue in order to satisfy his own sexual desires and was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Foster committed the offense of child molestation. *Grant v. State*, 193 Ga. App. 178 (387 SE2d 408) (1989); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Foster contends the trial court erroneously admitted hearsay testimony in support of the sodomy conviction with respect to the other victim.

The indictment charged that Foster committed the offense of sodomy "by inserting his sex organ into the anus of [the victim]. . . ." The evidence showed that this victim was 15 years of age at the time of the alleged act and was diagnosed as mildly mentally handicapped. She lived in the same neighborhood with Foster and he paid her a small sum to periodically clean his house. The victim testified that while she was at Foster's house to do cleaning, Foster touched her when her clothes were off and his clothes were off. She testified that Foster touched her with his hands and with another part of his body. She stated she knew what other part of Foster's body touched her but testified that she was "scared to say it." In further testimony, the victim pointed to the genital area of an anatomically correct male doll to indicate what other part of Foster's body touched her.

Over defense counsel's hearsay objection, the trial court admitted the testimony of two witnesses who testified to prior statements given to them by the victim. A detective testified that the victim told him that Foster touched her "upper private and lower private part areas" with his "front private parts" and that his "front private part" penetrated her vaginal area and that he "placed his penis to her buttocks area" and that "it hurt." A school counselor testified that the victim told her that she had sex with a neighborhood man; that he had touched her where her mother said nobody should ever touch her, but that she had kept her pants on.

The trial court admitted the testimony as to the victim's prior statements under OCGA § 24-3-16, which provides that: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." Because there was evidence that the 15-

year-old victim was mildly mentally handicapped with intellectual abilities and social skills equivalent to an average child below 14 years of age, the trial court ruled that OCGA § 24-3-16 applied despite the victim's chronological age of 15 years.

This was error. It is clear from the plain language of OCGA § 24-3-16 that the legislature intended to limit this exception to the hearsay rule to statements made by a child who was under the chronological age of 14 years at the time of the alleged act. See *Couch v. State*, 253 Ga. 764, 765 (325 SE2d 366) (1985); *Greer v. State*, 201 Ga. App. 775, 777 (412 SE2d 843) (1991). Since mental abilities may vary among children of the same chronological age, it may well be possible to produce evidence that a child 14 or more years of age functions mentally on the level of most children under the age of 14 years, or that a child less than 14 years of age has a "mental age" equivalent to most children over 14 years of age. Nevertheless, nothing in OCGA § 24-3-16 evidences a legislative intent that "mental age" be considered in applying the statute. See *Couch*, supra at 765.

The State contends that even if the trial court erred in admitting the testimony under OCGA § 24-3-16, the testimony as to the victim's prior statements was admissible as either a prior inconsistent statement by the victim under *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), or as the victim's prior consistent statement under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). Under *Gibbons*, supra, a prior inconsistent statement made by a witness who takes the stand and is subject to cross-examination is not limited in value to impeachment, but is admissible as substantive evidence of the matter asserted. Under *Cuzzort*, supra, "where the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible [as substantive evidence]." *Edwards v. State*, 255 Ga. 149, 151 (335 SE2d 869) (1985).

The portion of the victim's prior statement to the detective supportive of the sodomy charge, although not directly contradictory of her trial testimony, was inconsistent with her testimony which did not specifically affirm or deny the sodomy allegations made in the indictment. The statement was admissible under *Gibbons*, supra. Testimony as to other parts of the victim's prior statements consistent with her trial testimony was admissible under *Cuzzort*, supra. Accordingly, there was no error in admitting the statements over Foster's hearsay objection.

The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Foster was guilty of the offense of sodomy because of contact between Foster's penis and the victim's anus. *Wimpey v. State*, 180 Ga. App. 529, 530 (349 SE2d 773) (1986); *Smith*, supra at 636; *Jackson v. Virginia*, supra.

3. The trial court did not err by denying Foster's motion for a directed verdict.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 14, 1994 —
RECONSIDERATION DENIED JANUARY 9, 1995.

*Lillian Neal*, for appellant.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney*, for appellee.