A96A1406. GRIFFIS v. THE STATE.
(474 SE2d 119)

RUFFIN, Judge.

William Griffis was convicted of sodomy, aggravated sodomy, aggravated child molestation, cruelty to children, and three counts of child molestation. He appeals his conviction, alleging insufficiency of the evidence and an error in the admission of evidence. For reasons which follow, we affirm.

1. Griffis contends the evidence was insufficient to find him guilty beyond a reasonable doubt of Counts 2, 4, 5 and 6 of the indictment since there was no evidence of penetration. We disagree.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Farmer v. State*, 215 Ga. App. 243, 244 (450 SE2d 271) (1994).

The victim, who was five years old at the time of trial, testified that Griffis, who is her father, hurt her in the front and the back. When presented with anatomically correct drawings, the victim clarified that her front was her vagina and her back was her anus. Also using drawings, the victim showed that Griffis touched her with his penis. She further testified that Griffis put a sock over her eyes

because he did not want her to see what he was doing. According to a child abuse investigator, the victim told her that Griffis put his "ding-dong" on her vagina and "her butt." Although the examining doctor did not find any evidence of sexual abuse during his examination, the nurse testified at trial that if there had been slight tearing or bruising, the body would be able to completely heal itself within ten days of the incident. The nurse also noted that the victim was very cooperative and calm during the examination, which was quite unusual for a child and indicated that the child probably "had this type of thing happen to her . . . where she would lay still for an adult."

The foregoing evidence was sufficient for a jury to infer a "contact" between Griffis' sexual organ and the victim's vaginal and anal areas. Proof of penetration is not required for a conviction of sodomy. *Smith v. State*, 210 Ga. App. 634, 635 (2) (d) (437 SE2d 333) (1993); *Wimpey v. State*, 180 Ga. App. 529, 530 (2) (349 SE2d 773) (1986). All that is required is some contact. Id. We have reviewed the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As for Griffis' claim that a fatal variance existed because the indictment alleged Griffis placed his penis *in* the victim's vagina and anus, while the evidence at trial showed Griffis only placed his penis *on* the victim's vagina and anus, we do not find that this is a fatal variance even if the evidence at trial was as alleged by Griffis. "Under the test announced in *DePalma v. State*, 225 Ga. 465 (3) (169 SE2d 801)[,] no fatal variance between the indictment and the proof exists if the defendant is informed of the charges against him and protected from subsequent prosecutions for the same offense. Assuming a variance existed here, it met the *DePalma* test: [Griffis] was not misled or prejudiced, so any variance was not fatal." (Citations and punctuation omitted.) *Farmer*, supra at 244; *Smith*, supra at 636.

2. Griffis further asserts the trial court erred in admitting testimony by a third person concerning statements made by the victim's six-year-old brother to the third person. According to Griffis, these statements are not admissible under the child hearsay rule.

At trial, the children's mother testified that the brother told her he had seen Griffis "put his front private on his sister's front private" and "put his front private in her mouth." In addition, a school counselor testified that the brother told her he had heard Griffis ask the victim "to lick his private parts." However, a Barrow County Department of Family & Children Services investigator testified that the brother told her Griffis did not do anything to the victim.

Griffis correctly argues that the Child Hearsay Act, OCGA § 24-3-16, does not apply to out-of-court statements of a child witness who

observes the physical abuse of another child, but who is not himself a victim of such abuse. *Thornton v. State*, 264 Ga. 563 (2) (a) (449 SE2d 98) (1994). However, the State contends that the statements made by the victim's brother to third persons were admissible as either prior inconsistent statements or prior consistent statements. We agree with the State.

Griffis had the opportunity to confront the victim's brother and cross-examine him under oath about his out-of-court statements. "Under *Gibbons* [*v. State*, 248 Ga. 858 (286 SE2d 717) (1982)], a prior inconsistent statement made by a witness who takes the stand and is subject to cross-examination is not limited in value to impeachment, but is admissible as substantive evidence of the matter asserted. Under *Cuzzort* [*v. State*, 254 Ga. 745 (334 SE2d 661) (1985)], 'where the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible (as substantive evidence).' [Cit.]" *Foster v. State*, 216 Ga. App. 26, 28 (2) (453 SE2d 482) (1995). The testimony of the third persons concerning the brother's out-of-court statements were admissible since the brother's statements were either inconsistent with his trial testimony that he did not see anything and did not know what Griffis and the victim were doing or consistent with his testimony. Accordingly, there was no error in admitting the statements over Griffis' hearsay objection.

"Further, the out-of-court statement[s were] cumulative to that of the victim on the witness stand. Evidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence. [Cits.]" *Lynn v. State*, 181 Ga. App. 461, 464 (2) (352 SE2d 602) (1987). See also *Assad v. State*, 195 Ga. App. 692, 693 (2) (394 SE2d 617) (1990).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JULY 12, 1996.

*Kathleen J. Anderson*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.