## A98A0072. TURNER v. THE STATE.

(500 SE2d 628)

BEASLEY, Judge.

Convicted of sodomy (OCGA § 16-6-2) and of contributing to the delinquency of a minor (OCGA § 16-12-1), Michael Anthony Turner complains that the evidence varied from the indictment. He also contends the court improperly increased his punishment by imposing the registration requirements of OCGA § 42-1-12. Turner's unopposed enumeration, citing as excessive the 12-month sentence for the contribution to delinquency conviction, is meritorious.

1. "A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another."[1] Some contact between Turner's sexual organ and the mouth of the minor was all that was required for a conviction.[2]

The sodomy indictment accused Turner, then age 30, of unlawfully performing and submitting to a sexual act involving his sex organ and the mouth of another in that he "did place his penis in the mouth of" the minor. The evidence showed he allowed his 14-year-old stepsister to kiss his sex organ. The indictment does not fatally vary from the evidence.

" 'Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution

---

[1] OCGA § 16-6-2 (a).

[2] *Griffis v. State*, 222 Ga. App. 322, 323 (1) (474 SE2d 119) (1996); *Wimpey v. State*, 180 Ga. App. 529, 530 (2) (349 SE2d 773) (1986).

for the same offense.' [Cit.]"[3] Only if the allegations fail to meet these tests is the variance "fatal."[4]

Turner was sufficiently informed to defend the sodomy charge proved. The indictment's wording would also protect him from subsequent prosecutions for the offense charged.

For example, *Smith v. State*[5] held there was no fatal variance where the sodomy indictment charged defendant with putting his sex organ in the victim's anus, but the evidence showed that though there was some contact, no penetration occurred. Similarly, *Griffis v. State*[6] held the defendant was not misled or prejudiced where the indictment alleged he "placed his penis *in* the victim's vagina and anus, while the evidence at trial showed [he] only placed his penis *on* the victim's vagina and anus."[7] Compare *Legg v. State*,[8] where the court held the variance fatal because the indictment alleged the sodomy involved the sex organ of the accused and the mouth of the victim, but the evidence only showed contact between the sex organ of the victim and the mouth of the accused.[9] If the indictment correctly states whose sex organ and whose mouth are involved in the sodomy, there will generally be no fatal variance.

Turner also complains the indictment alleged he performed and submitted to sodomy, but that the evidence showed he only submitted. As charged by the court, a person commits sodomy when he "performs or submits to" the prohibited sexual act.[10] Thus, the "indictment alleged that the crime was committed in more than one way, i.e., conjunctively, and the court charged the jury that the defendant could be convicted if the evidence showed that he committed the crime in either of the ways alleged, i.e., disjunctively. When a defendant is charged with the violation of a penal statute containing disjunctively several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indict-

---

[3] *Hutchison v. State*, 218 Ga. App. 601, 602 (462 SE2d 648) (1995).

[4] *Glass v. State*, 199 Ga. App. 530, 531-532 (1) (405 SE2d 522) (1991).

[5] 210 Ga. App. 634, 636 (2) (d) (437 SE2d 333) (1993).

[6] Supra.

[7] (Emphasis in original.) Id. at 323 (1); see *Winter v. State*, 171 Ga. App. 511, 512 (1) (320 SE2d 233) (1984) (molestation indictment alleged defendant placed his finger in the victim's vagina but evidence showed no penetration occurred; no fatal variance); *Farmer v. State*, 215 Ga. App. 243, 244 (450 SE2d 271) (1994) (molestation indictment alleged defendant caused victim to place her hand on his private part but evidence showed she jerked her hand away upon feeling his pubic hair; no fatal variance).

[8] 207 Ga. App. 399, 401 (4) (428 SE2d 87) (1993).

[9] Cf. *Ross v. State*, 195 Ga. App. 624, 625 (1) (b) (394 SE2d 418) (1990) (fatal variance where indictment charged he placed his mouth on the victim's sex organ but evidence showed he forced her to perform oral sex upon him); *Roberson v. State*, 187 Ga. App. 485, 487 (370 SE2d 661) (1988) (fatal variance where indictment alleged defendant placed his mouth on the child's sex organ but evidence showed he placed his sex organ in the child's mouth).

[10] OCGA § 16-6-2 (a).

ment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively if it charges more than one of them. Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the state to prove all of such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by proof of any one of them."[11] Proof that Turner submitted to (rather than performed) the sexual act was sufficient to sustain the conviction.

2. Turner contends the court erred in imposing as part of his sentence the sexual offender registration requirements of OCGA § 42-1-12, which was enacted after the offenses occurred.[12] He argues that this violated the ex post facto clauses of the Georgia and United States Constitutions.[13]

The court did not require registration under OCGA § 42-1-12 but rather sentenced Turner to twenty years to serve five, with fifteen years probation. None of the general and special conditions of probation referenced the registration requirements of OCGA § 42-1-12. The court simply informed Turner that upon his release to probation the court believed he would be subject to the registration requirements, but that the Department of Corrections would instruct him regarding such upon his release.[14] Because it was not part of his sentence, there can be no error, whether the information was accurate or not. Secondly, Turner "did not raise his constitutional question of [ex post facto] at trial, and this court cannot consider questions raised for the first time on review. [Cit.]"[15]

3. The State in effect concedes that the trial court erred in sentencing Turner to a 12-month term of imprisonment for Contributing to the Delinquency of a Minor count. The sentence exceeds the maximum sentence authorized by law. This being Turner's first such

---

[11] (Citations and punctuation omitted.) *Stander v. State*, 226 Ga. App. 495, 497 (1) (486 SE2d 712) (1997); see *Locklin v. State*, 228 Ga. App. 696, 697 (1) (a) (492 SE2d 712) (1997) (no fatal variance where indictment alleged accused took money from the person and immediate presence of the cashier but evidence showed he only took it from the immediate presence); *Lewis v. State*, 212 Ga. App. 310, 311-312 (3) (441 SE2d 851) (1994) (no fatal variance where indictment alleged molestation with intent to arouse sexual desires of child and accused but evidence only showed intent of accused); *Lubiano v. State*, 192 Ga. App. 272, 273-274 (1) (a) (384 SE2d 410) (1989) (no fatal variance where indictment alleged assault by feet and revolver but evidence showed assault by feet only); see generally *Casillas v. State*, 267 Ga. 541, 542 (1) (480 SE2d 571) (1997) (though indictment conjunctively alleges two methods of committing crime, no fatal variance if evidence shows only one method employed).

[12] Cf. *State of Ga. v. Jackson*, 269 Ga. 308 (496 SE2d 912) (1998), which recently held a substantially different though distantly related statute (the central child abuse registry law — OCGA § 49-5-180 et seq.) unconstitutional for lack of due process protection.

[13] 1983 Ga. Const., Art. I, Sec. I, Par. X; U. S. Constitution, Art. 1, Sec. 9.

[14] See OCGA § 42-1-12 (a) (1) (B) and (b) (3) (A).

[15] *Wimpey*, supra, 180 Ga. App. at 530 (2).

offense, five months' imprisonment was the maximum.[16] The sentence on only this count is vacated and the case remanded for resentencing. The judgment on Count 1 remains undisturbed.

*Judgment affirmed on Count 1; judgment of conviction on Count 2 affirmed; sentence on Count 2 reversed and case remanded in part for resentencing. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 31, 1998.

*B. Dean Grindle, Jr.,* for appellant.

*Albert F. Taylor, Jr., District Attorney, Mary E. Moore, Assistant District Attorney,* for appellee.