**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 22, 2013**

# In the Court of Appeals of Georgia

A12A2007. HERNANDEZ v. THE STATE.

MILLER, Presiding Judge.

A DeKalb County jury convicted Jose Hernandez of two counts of aggravated child molestation (OCGA § 16-6-4 (c)) and three counts of child molestation (OCGA § 16-6-4 (a) (1)). Hernandez appeals, contending that the trial court erred in denying his motion for a directed verdict of acquittal since (i) there was a fatal variance between the aggravated child molestation allegations in the indictment and the evidence presented at trial and (ii) the State failed to prove venue beyond a reasonable doubt. We discern no error and affirm.

Viewed in the light most favorable to the jury's verdict,[1] the trial evidence shows that Hernandez was the live-in boyfriend of the victim's mother, and the victim

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

referred to Hernandez as her step dad. The victim testified that when she was seven years old, Hernandez began molesting her almost daily while her mother was away at work. In describing the molestation incidents, the victim described that Hernandez removed her clothes and touched her "everywhere," including her chest and her "lower private parts" with his hands and his mouth. She stated that when she tried to resist, Hernandez hit her and screamed at her. The molestation continued over the course of a year until the victim moved to Mexico.

The victim returned from Mexico six months later. The victim testified that when she returned to the residence, Hernandez began molesting her in the same manner as before. She again described that while her clothes were off, Hernandez touched her "everywhere," including the "private area[s]" of her chest and lower areas with his mouth and hands. The molestation continued until the victim was fourteen or fifteen years old.

Eventually, the victim disclosed the molestation to her best friend at school. The victim stated that she was afraid to tell her mother about the molestation at that point because Hernandez had threatened to blame her and falsely claim that she had initiated the incidents. The victim was also afraid that her mother would not believe her and would take Hernandez's side.

In 2009, the victim's mother separated from Hernandez, and the victim's family moved out of the residence. Thereafter, the victim disclosed the molestation to her mother, and the matter was reported to the police.

Following an investigation, Hernandez was charged, tried, and convicted of the child molestation and aggravated child molestation sex offenses.

1. Hernandez contends that the trial court erred in denying his motion for a directed verdict of acquittal as to the aggravated child molestation offenses since there was a fatal variance between the allegations in the indictment and the evidence presented at trial. His contention is without merit.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. Moreover, on appeal the evidence must be viewed in the light most favorable to the verdict, [Hernandez] no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency, not the weight of the evidence, and does not judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve.

(Citation, punctuation, and footnote omitted.) *Pippins v. State*, 263 Ga. App. 453, 453-454 (1) (588 SE2d 278) (2003).

"A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1). "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which . . . involves an act of sodomy." OCGA § 16-6-4 (c). Sodomy is defined, in pertinent part, as any sexual act involving the sex organs of one person and the mouth of another. See OCGA § 16-6-2 (a) (1).

The indictment pertinently alleged that Hernandez had committed the aggravated child molestation offenses based upon acts "involving the mouth of [Hernandez] and the sexual organs of [the victim] . . . by placing the mouth of [Hernandez] on the vagina of [the victim], said act involving an act of sodomy[.]" In her trial testimony describing the molestation incidents, the victim stated that while her clothes were off, Hernandez had touched her lower "private area" with his mouth and had placed his mouth on her "lower private area." Although the victim did not use the specific term "vagina" during her testimony, the jury could reasonably infer

4

that she was referring to her vagina when she stated that the contact was with her "lower private area." See *Gioia v. State*, 307 Ga. App. 319, 320 (1) (704 SE2d 481) (2010) (affirming the denial of defendant's motion for a directed verdict of acquittal as to an aggravated child molestation charge since the testimony showed that the defendant had kissed the victim's "private parts" with her pants pulled down); *Collins v. State*, 269 Ga. App. 381, 382 (1) (b) (604 SE2d 240) (2004) (testimony that defendant touched the victim's "private part" and put his penis "in the girl" was sufficient to prove contact with the victim's vagina); *Richie v. State*, 183 Ga. App. 248, 250 (1) (358 SE2d 648) (1987) (ruling that the victim's reluctance to actually name the sex organ did not preclude the jury from reasonably inferring that the "something" defendant assaulted her with was his sexual organ).

Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance "fatal." . . . If the

5

indictment correctly states whose sex organ and whose mouth are involved in the sodomy, there will generally be no fatal variance.

(Citation, punctuation, and footnotes omitted.) *Turner v. State*, 231 Ga. App. 747, 747-748 (1) (500 SE2d 628) (1998). Here, the aggravated child molestation allegations of the indictment sufficiently apprised Hernandez of the charges against him, did not mislead him as to the criminal acts with which he was charged, and adequately set forth the allegations in a manner to protect him against subsequent prosecutions for the offense charged. See, e.g., id. Moreover, the trial evidence was consistent with the allegations of the indictment and was sufficient to sustain his convictions. See OCGA § 16-6-4 (c); *Maloney v. State*, 317 Ga. App. 460, 461 (731 SE2d 133) (2012); *Gioia*, supra, 307 Ga. App. at 320 (1).

2. Hernandez also argues that the State failed to prove beyond a reasonable doubt that the sex offenses were committed in DeKalb County. We disagree.

> Generally, a criminal action must be tried in the county in which the crime was committed, and the State may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence. As an appellate court, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable

doubt that the crime was committed in the county where the defendant was indicted.

(Citation and footnote omitted.) *Pippins*, supra, 263 Ga. App. at 455 (2).

The victim's testimony reflected that the molestation incidents occurred at the residence that her family shared with Hernandez. The victim's mother testified that their family lived with Hernandez in two residences, and that both of the residences were located in DeKalb County. This evidence was sufficient to prove venue in DeKalb County beyond a reasonable doubt. See *Thompson v. State*, 277 Ga. 102, 104 (3) (586 SE2d 231) (2003) (ruling that venue had been sufficiently established by evidence that the incidents occurred at the residence and the residence was located in Houston County); *Flanders v. State*, 285 Ga. App. 805, 806-807 (2) (648 SE2d 97) (2007) (ruling that the evidence was sufficient to prove venue when the victim testified that the molestation occurred at her aunt's residence, and the aunt testified that her residence was in the county where the defendant was indicted). Accordingly, the trial court's denial of Hernandez's motion for a directed verdict was proper.

*Judgment affirmed. Ray and Branch, JJ., concur.*