**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 30, 2020**

# In the Court of Appeals of Georgia

A20A0044. MIRANDA v. THE STATE.

DILLARD, Presiding Judge.

Following a trial by jury, Jorge Alberto Miranda was convicted of aggravated child molestation, incest, and four counts of child molestation. Miranda now appeals, arguing that (1) the evidence was insufficient to support his convictions for aggravated child molestation and incest, and (2) the State failed to prove venue for those two offenses. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that, at the time in question, the victim, M. C., was between five to eight years old and living in her family's home in Chatham County with her mother, siblings, and

---

[1] *See, e.g.*, *Fields v. State*, 285 Ga. App. 345, 345 (646 SE2d 326) (2007).

Miranda, who was her stepfather. During that time, there were periods when Miranda would be at the house alone with the children.

In 2015, when M. C. was eight years old, she disclosed to her mother that Miranda had shown her pornographic videos on his laptop. M. C.'s mother then invited a cousin over to hear the allegations, and the child also disclosed that, while watching these videos, Miranda touched her inappropriately (including on her genital area); touched himself inappropriately; exposed his penis to her; and tried to put his penis inside of her mouth (though she fought him off). M. C. explained that these incidents occurred when she was home alone with Miranda, and Miranda knew when M. C.'s mother arrived back at the house because her car lights would shine through a window onto his computer screen. And if M. C. tried to lock herself in her room, Miranda would pick the lock.

When Miranda arrived home on the evening of the disclosure, M. C.'s mother confronted him with the allegations, and he admitted to trying to place his penis inside of M. C.'s mouth. Later, Miranda again admitted to his actions in a phone call with the mother that she recorded for law enforcement. During that call, the following conversation transpired:

Mother: Have you ever had her do anything to you?

Miranda: Not that I can remember.

Mother: So you never had her go down on you, nothing like that?

Miranda: I mean she might have, once or twice. She didn't like it and it didn't last long.

Miranda was subsequently indicted for aggravated child molestation, incest, and four counts of child molestation, and then convicted on all counts. He moved for a new trial, which the trial court denied. This appeal follows, in which Miranda makes the enumerations of error set forth *supra*.

When a criminal conviction is appealed, the appellant no longer enjoys a presumption of innocence.[2] And in evaluating the sufficiency of the evidence, we do not "weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."[3] Thus, the verdict will be upheld so long as "there is

---

[2] *See English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010) (noting that following a conviction, an appellant no longer enjoys a presumption of innocence).

[3] *Jones v. State*, 318 Ga. App. 26, 29 (1) (733 SE2d 72) (2012) (punctuation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (noting the relevant question is after viewing the evidence in the light most favorable to the prosecution, could any rational jury found the essential

some competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[4] With these guiding principles in mind, we turn to Miranda's enumerations of error.[5]

1. Miranda contends that there was insufficient evidence to sustain his convictions for aggravated child molestation and incest. We disagree.

A person commits the offense of aggravated child molestation when he or she "commits an offense of child molestation which act physically injures the child or involves an act of sodomy."[6] And sodomy is committed when a person "performs or submits to any sexual act involving the sex organs of one person and the mouth or

_____

elements of the crime beyond a reasonable doubt).

[4] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (punctuation omitted); *accord Westbrooks v. State*, 309 Ga. App. 398, 399-400 (1) (710 SE2d 594) (2011).

[5] Although Miranda does not challenge the sufficiency of the evidence as to his convictions for child molestation, our review of the record shows that there was sufficient evidence to sustain those convictions. *See Jackson*, 443 U.S. at 319 (III) (B).

[6] OCGA § 16-6-4 (c); *see* OCGA § 16-6-4 (a) (1) ("A person commits the offense of child molestation when such person: (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]").

anus of another."[7] Here, Miranda was indicted for aggravated child molestation in that he "did commit an indecent act . . . involving [his] sexual organs . . . and the mouth of [M. C.], with the intent to arouse the sexual desires of himself by having [M. C.] place her mouth on his penis, said act involving an act of sodomy[.]"

As for incest, it is committed when a person "engages in sexual intercourse or sodomy, as such term is defined in Code Section 16-6-2, with a person whom he or she knows he or she is related to either by blood or by marriage,"[8] including between a father and his stepchild.[9] And in this matter, Miranda was alleged to have "unlawfully engage[d] in sodomy with [M. C.], [his] stepdaughter, knowing that he is related to the said stepdaughter by marriage[.]"

Miranda maintains the evidence was insufficient to support his convictions on these charges when it did not show that he actually placed M. C.'s mouth on his penis. Instead, he asserts the State's evidence, at most, alluded to an attempt to commit sodomy. This argument is a nonstarter.

---

[7] OCGA § 16-6-2 (a) (1).

[8] OCGA § 16-6-22 (a).

[9] OCGA § 16-6-22 (a) (1).

5

We have repeatedly explained that "[p]roof of penetration is not required for a conviction of sodomy"[10] because "[a]ll that is required is some contact."[11] And contrary to Miranda's suggestion, there *was* sufficient evidence of sodomy. To be sure, there was testimony that Miranda "tried" to place his penis in M. C.'s mouth and the child fought him off (thus suggesting there was no actual contact),[12] but there was also Miranda's recorded *admission* to having M. C. "go down on" him "once or twice," as well as his statement that she "didn't like it and it didn't last long." Even

---

[10] *Griffis v. State*, 222 Ga. App. 322, 323 (1) (474 SE2d 119) (1996); *accord Bell v. State*, 352 Ga. App. 802, 807 (1) (835 SE2d 697) (2019); *Adams v. State*, 299 Ga. App. 39, 41 (1) (681 SE2d 725) (2009).

[11] *Griffis*, 222 Ga. App. at 323 (1); *accord Green v. State*, 249 Ga. App. 546, 549 (1) (b) (547 SE2d 569) (2001); *Wimpey v. State*, 180 Ga. App. 529, 530 (2) (349 SE2d 773) (1986).

[12] *See Shepherd v. State*, __ Ga. App. __, __ (1) (836 SE2d 221, __ (1)) (Nov. 14, 2019) ("With respect to Count 3, which alleged that [defendant] committed aggravated child molestation by placing his mouth on [the victim's] genital area, we are constrained to agree that the evidence was insufficient. Although [the victim] testified that [the defendant] *tried* to touch her genital area with his mouth, nothing in her testimony or forensic interview reveals that he *actually* placed his mouth there, and the State has pointed to no evidence supporting the jury's verdict on this charge."); *see also Jackson v. State*, 274 Ga. App. 26, 27 (1) (a) (619 SE2d 294) (2005) ("The State concedes that the evidence was insufficient to convict [defendant] of aggravated child molestation. Indeed, although the victim testified that [defendant] placed his mouth on her breasts, no evidence was presented that he placed his mouth on her vagina, as alleged in the indictment.").

6

so, Miranda contends that "go down on" is too vague to be reasonably understood as an act of sodomy. But the meaning of this obscene colloquial expression is perfectly plain.

As we have previously explained, jurors, who are presumably intelligent, also can be "presumed to have some knowledge of slang [or colloquial] expressions in common parlance in the vernacular."[13] Indeed, it would be "completely unrealistic to require that witnesses, many of whom are unlearned or have limited vocabularies, describe the acts constituting the commission of crimes in statutory or technical language in order to prove the commission of such acts."[14] And the vulgar colloquial phrase "go down on" is generally understood "to mean the stimulation of one's genitals by the mouth of another, and our decisions have afforded the jury some latitude in determining what the words of the specific solicitation mean."[15] Thus,

---

[13] *Wiggins v. State*, 208 Ga. App. 757, 758 (1) (432 SE2d 113) (1993); *accord Chitwood v. State*, 352 Ga. App. 218, 220 (1) (a) (834 SE2d 334) (2019); *Flewelling v. State*, 300 Ga. App. 505, 508 (1) (685 SE2d 758) (2009); *Anderson v. State*, 142 Ga. App. 282, 283 (1) (142 SE2d 675) (1977).

[14] *Wiggins*, 208 Ga. App. at 758-59 (1); *accord Anderson*, 142 Ga. App. at 283 (1).

[15] *Tezeno v. State*, 343 Ga. App. 623, 629 (1) (b) (808 SE2d 64) (2017) (discussing the phrase *oral sex* and concluding that it means the same); *see Flewelling*, 300 Ga. App. at 508 (1) (relying upon dictionary definition of *oral sex* to

7

there was sufficient evidence by which the jury could infer that *some* degree of

contact occurred between M. C.'s mouth and Miranda's penis when he described that

he had her "go down on" him "once or twice," that she "didn't like it," and it "didn't

last long."[16]

2. Miranda also contends that because no question was specifically asked as to

where the acts of sodomy occurred, there was no evidence to prove venue for the

above-mentioned offenses. Once again, we disagree.

---

conclude that jury was authorized "to infer contact between mouth and genitals, in accordance with the term's common and plain meaning, and established the aggravated child molestation charges as alleged in the indictment"); *Roundtree v. United States*, 581 A2d 315, 317 n.2 (I) (1990) (citing dictionaries in support of the phrase "go down on" being commonly understood as a colloquial expression for performing fellatio or cunnilingus on someone); *see also* Merriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/godown (defining *go down on* as an "usually vulgar" colloquial expression for "to perform fellatio or cunnilingus on") (last visited Mar. 27, 2020); MacMillan Dictionary, https://www.macmillandictionary.com/dictionary/british/go-down-on (defining *go down on* as "to have oral sex with someone")) (last visited Mar. 27, 2020); Urban Dictionary, https://www.urbandictionary.com/define.php?term=go+down+on (defining *go down on* as "[t]o give oral sex to someone") ) (last visited Mar. 27, 2020).

[16] *Green*, 249 Ga. App. at 549 (1) (b) (holding that only "some contact" is required to sustain a conviction for sodomy); *Griffis*, 222 Ga. App. at 323 (1) (same); *Wimpey*, 180 Ga. App. at 530 (2) (same).

As a general rule, the Georgia Constitution provides that a criminal case must be tried "in the county where the crime was committed."[17] And when venue is at issue, "it is a jurisdictional fact that must be proved by the State beyond a reasonable doubt."[18] But as the Supreme Court of Georgia has explained, "the verdict must be sustained as to venue so long as the evidence would permit a rational jury to find beyond a reasonable doubt that venue was properly laid."[19]

Here, the testimony established that all of the acts M. C. described were committed in the family home, which was located in Chatham County. There was no suggestion that any of these acts were performed in any other location but, instead, occurred when M. C.'s mother was out of the Chatham County house, at which points

---

[17] Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.

[18] *Martin v. McLaughlin*, 298 Ga. 44, 45-46 (779 SE2d 294) (2015); *accord Crawford v. State*, 297 Ga. 680, 682 (3) (777 SE2d 463) (2015).

[19] *Martin*, 298 Ga. at 46; *see Hernandez v. State*, 304 Ga. 895, 898 (2) (823 SE2d 272) (2019) ("When examining whether the State has carried its burden, we view the evidence in the light most favorable to the verdict and must sustain the verdict if the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted."); *see also Walton v. State*, 293 Ga. 607, 609-10 (2) (748 SE2d 866) (2013) (holding that State presented sufficient evidence from which the jury could infer venue).

9

Miranda would show M. C. pornographic videos and engage in acts of molestation.[20] And the testimony, taken as a whole, "including the victim's testimony . . . , was sufficient evidence from which the jury could conclude beyond a reasonable doubt that the crimes were committed in [Chatham] County."[21] And to the extent Miranda suggests the victim's testimony was confusing, "any conflicts in the evidence were for the jury to decide."[22]

---

[20] *See Hernandez v. State*, 319 Ga. App. 876, 879 (2) (738 SE2d 701) (2013) ("The victim's testimony reflected that the molestation incidents occurred at the residence that her family shared with [the defendant]. The victim's mother testified that their family lived with [the defendant] in two residences, and that both of the residences were located in DeKalb County. This evidence was sufficient to prove venue in DeKalb County beyond a reasonable doubt."). *Cf. Thompson v. State*, 277 Ga. 102, 104 (3) (586 SE2d 231) (2003) (holding that evidence of venue was sufficient on charges of child molestation when evidence showed the acts took place in a home in Houston County, but evidence was insufficient on charge of sexual battery when evidence showed the act took place in defendant's place of business, and there was no testimony as to where the business was located).

[21] *Stegall v. State*, 308 Ga. App. 666, 667 (2) (708 SE2d 387) (2011) (punctuation omitted); *see Worthen v. State*, 304 Ga. 862, 871 (3) (e) n. 6 (823 SE2d 291) (2019) ("It appears that the general rule which is the rule to which we return Georgia law today is that like any other fact, venue may be proved by circumstantial evidence, and it is enough if the fact of venue is properly inferable from all the evidence." (punctuation omitted)).

[22] *Stegall*, 308 Ga. App. at 667 (2) (punctuation omitted); *accord Ortiz v. State*, 295 Ga. App. 546, 548 (1) (672 SE2d 507) (2009).

For all these reasons, we affirm Miranda's convictions.

*Judgment affirmed. Rickman and Brown, JJ., concur.*