## 38919. BROWN v. THE STATE.

HILL, Presiding Justice.

Ronald Wayne Brown was convicted by a jury of the malice murder of Kelly Martin and was sentenced to life in prison. On appeal he enumerates as error the general grounds.

Brown admitted shooting the victim but contended that he fired in self-defense. His testimony at trial and his statements to the police showed that following an argument he and the victim began to scuffle while sitting in the defendant's parked car following an evening of drinking beer and smoking marijuana; that the victim swung at him with his left hand while holding a knife in his right hand; and that the defendant then pulled a .22 pistol from a map holder on the car door and fired, shooting the victim in the face. As the victim slumped over, the defendant shot again and replaced the gun. He then dragged the victim into a ditch. When the victim kicked, he went back to the car for the gun, returned, and shot the victim 4 or 5 times in the head. The state established that the victim sustained six shots to the head, one of which entered the left eye, another of which entered the left temple

and penetrated the brain, and four of which entered the back of the head.

The cause of death was multiple gunshot wounds to the head. The doctor testified that the wound to the temple would have caused death, although not instantaneously, and that the victim thereafter would have been unconscious. Defendant contends that the fatal shot therefore was fired in self-defense. Following the shooting, the defendant left the scene and attempted to conceal his perpetration of the crime.

Despite the defendant's protestations that he acted in self-defense, the evidence is sufficient to allow a rational trier of fact to find the defendant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The jury was not required to accept the defendant's testimony as to self-defense in view of the number of shots fired and in view of defendant's conduct following the shooting. *Terry v. State,* 243 Ga. 11, 13 (252 SE2d 429) (1979). Moreover, a person who fatally wounds another, even in self-defense, is not entitled to hasten the victim's death by continuing to pump bullets into the victim's body.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982.

*J. Gene Greene,* for appellant.

*Darrell E. Wilson, District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.