## S02A0014. ADAMS v. THE STATE.
(561 SE2d 101)

CARLEY, Justice.

After a jury found Darryl Adams guilty of malice murder, the trial court sentenced him to life imprisonment. His motion for new trial was denied, and he appeals.[1]

1. Construed most strongly in support of the verdict, the evidence shows that the victim befriended Adams at a gas station and offered him a ride. Adams told police that the victim stopped at a nearby field and made homosexual advances, and that the two began to struggle. After they exited the vehicle, Adams fatally shot the victim 15 times in the head and torso. Adams fled in the victim's car and later told a friend that he shot someone who begged for his life, at which time Adams continued shooting. Additional evidence corroborated Adams' statements. The evidence was sufficient to authorize a rational trier of fact to find Adams guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Harris v. State*, 274 Ga. 422 (1) (554 SE2d 458) (2001).

2. Adams contends that the trial court erred in denying a mistrial after a detective, testifying for the State on direct examination,

---

[1] The crime occurred on December 22, 1998. The grand jury returned its indictment on August 5, 1999. The jury found Adams guilty on April 12, 2000 and, on the same day, the trial court entered the judgment of conviction and sentence. Adams filed a motion for new trial on April 19, 2000, and amended it on July 25, 2001. The trial court denied that motion on August 3, 2001, and Adams filed a notice of appeal on August 28, 2001. The case was docketed in this Court on September 19, 2001 and submitted for decision on November 12, 2001.

informed the jury that Adams was a suspect in an unrelated burglary case. The testimony was not responsive to the prosecutor's question. "A nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue." *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996). See also *Williams v. State*, 269 Ga. 827, 829 (5) (504 SE2d 441) (1998). The trial court immediately gave comprehensive curative instructions, which we must presume that the jury followed. *Johns v. State*, 274 Ga. 23, 25 (3) (549 SE2d 68) (2001). The trial court also asked the jurors whether any of them would be unable to disregard the testimony. *Gross v. State*, 259 Ga. 627, 628 (3) (385 SE2d 674) (1989), overruled on other grounds, *Duckworth v. State*, 268 Ga. 566, 569 (1), fn. 11 (492 SE2d 201) (1997). None indicated an inability to do so. Under these circumstances, and in light of the strong evidence of guilt, Adams' right to a fair trial was adequately preserved, and the trial court did not abuse its discretion in denying the motion for mistrial. *Williams v. State*, supra at 829 (5); *Gross v. State*, supra at 628 (3).

3. Adams enumerates the giving of a charge that "[t]he jury can believe any statement [made by a defendant] in whole or in part, believing that which you find to be true, rejecting that which you find to be untrue." This is a correct charge which is set out in the Suggested Pattern Jury Instructions for Criminal Trials. *Brooks v. State*, 232 Ga. App. 115 (1) (501 SE2d 286) (1998); *Snow v. State*, 228 Ga. App. 649, 652 (7) (492 SE2d 564) (1997).

Adams asserts, however, that the charge erroneously allowed the jury to ignore the portions of his statement which demonstrated his fear of the victim and supported his defense of justification. Where a defendant's statement concerning his involvement in a homicide is consistent with the physical facts, and the prosecution does not introduce other evidence showing the defendant's participation, a jury is not authorized to believe an inculpatory part of a specific portion of the statement and reject an exculpatory component of the same portion of the statement. *Walsh v. State*, 269 Ga. 427, 429 (1), fn. 4 (499 SE2d 332) (1998); *Terry v. State*, 243 Ga. 11, 12 (1) (252 SE2d 429) (1979). However, the jury may accept other portions of the statement which are inculpatory if they do not "contain an exculpatory component." *Walsh v. State*, supra at 429 (1), fn. 4. In this case, Adams' statement does not indicate that he was in fear of the victim, but it does disclose that he emptied his semi-automatic handgun into the victim's body. Even if some portion of the statement arguably supported the claim of self-defense, the jury was authorized to reject it, in light of the number of shots fired, Adams' departure from the scene in the victim's car without seeking help, his concealment of the shooting with his inconsistent statements, and his alibi testimony at

trial. *Brown v. State*, 249 Ga. 805, 806 (294 SE2d 510) (1982); *Nettles v. State*, 249 Ga. 787, 789 (1) (294 SE2d 492) (1982). "[A] person who fatally wounds another, even in self-defense, is not entitled to hasten the victim's death by continuing to pump bullets into the victim's body." *Brown v. State*, supra at 806.

4. Adams further contends that the trial court erred in allowing the search warrant and its accompanying affidavit into the jury room. "However, the record reflects that appellant reviewed the exhibits prior to their submission to the jury and voiced no objection. Accordingly, this issue has not been preserved for our review." *McDaniel v. State*, 204 Ga. App. 753, 754 (1) (420 SE2d 636) (1992). See also *Gribble v. State*, 248 Ga. 567, 572 (7) (284 SE2d 277) (1981); *Thomason v. State*, 215 Ga. App. 189, 190 (4) (450 SE2d 283) (1994). Moreover, nothing in the record shows that the warrant and affidavit were sent out with the jury. *Stidem v. State*, 246 Ga. 637, 639 (3) (272 SE2d 338) (1980).

5. Adams urges that he was denied effective assistance of trial counsel in several particulars. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "A strong presumption exists that [Adams'] lawyer provided him with effective representation. [Cit.]" *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999). This presumption is especially strong in this case because, at the hearing on the motion for new trial, Adams' trial attorney testified regarding the strategy underlying each decision of which Adams complains. *Dewberry v. State*, supra at 625 (2). "Having tried the case and heard from . . . trial counsel, the trial court found that there was no denial of effective assistance of counsel, and that finding must be affirmed unless it is clearly erroneous. [Cit.]" *Cammon v. State*, 269 Ga. 470, 472 (4) (500 SE2d 329) (1998).

In its written order on the motion for new trial, the trial court found that defense counsel was very experienced, met with Adams five to ten times prior to trial, undertook extensive investigation and preparation, and had access to and permission to copy the State's entire file. The trial court further found that the trial attorney's strategic decisions regarding whether to cross-examine ferociously, to object at every possible point, and to design a closing argument were reasonable in light of the case's posture and the evidence known to him. The trial court also ruled that the failure to call a witness suggested by Adams was understandable because the evidence would only be self-serving and subject to objection. The decision of which witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client. *Dewberry v. State*, supra at 625 (2). With respect to Adams' contention that closing argument was not consistent with his testimony as to alibi, defense counsel did not discover that Adams had asked a

potential witness to lie about the alibi defense, and had apparently lied himself, until Adams had already testified. In fact, the alibi witness actually testified for the State in rebuttal. "[T]rial counsel is not required to anticipate that his own client and corroborating witnesses have misled him." *Nicholson v. State*, 265 Ga. 711, 715 (4) (462 SE2d 144) (1995). Counsel's failure to anticipate the corroborating witness' recantation and her testimony as a rebuttal witness was not unreasonable. "Any prejudice to the alibi defense was attributable to [Adams] and his corroborating witness, and not to the ineffectiveness of his trial counsel. [Cit.]" *Nicholson v. State*, supra at 715 (4).

Based upon the foregoing, as well as our review of the transcript of the hearing on the motion for new trial, we conclude that Adams failed to carry the burden of rebutting, by clear and convincing evidence, the strong presumption that he received effective assistance of trial counsel. See *Cammon v. State*, supra at 474 (4); *Flanigan v. State*, 269 Ga. 160, 163 (2) (496 SE2d 255) (1998); *Love v. State*, 268 Ga. 484, 486 (4) (490 SE2d 88) (1997). Moreover, even assuming that Adams did show any ineffectiveness on the part of his trial attorney, he nevertheless did not make the requisite additional showing that, but for the ineffectiveness, the jury would not have found him guilty of malice murder. *Riley v. State*, 268 Ga. 640, 642 (2) (491 SE2d 802) (1997). Because the trial court's findings are not clearly erroneous, its decision must be affirmed. See *Cammon v. State*, supra at 474 (4).

6. Adams also contends that the trial court erroneously admitted two of his statements because the police, in violation of *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), continued to question him after he requested a public defender. At the *Jackson-Denno* hearing, however, the trial court heard police testimony that Adams never requested an attorney, and specifically found that Adams' testimony was not credible. We must accept this credibility determination, as it was not clearly erroneous. See *Hammond v. State*, 273 Ga. 442, 447 (4) (542 SE2d 498) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002.

*Maria Murcier-Ashley*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.