## A02A1990. LITTLE v. THE STATE.
(579 SE2d 84)

RUFFIN, Presiding Judge.

A jury found Ronald Little guilty of child molestation and statutory rape. Little appeals, asserting that the trial court erred in denying his motion for directed verdict, admitting testimony about an inculpatory statement, and instructing the jurors concerning their request to rehear a witness's testimony. Little also challenges the legality of his sentence. Finding no reversible error and sufficient evidence to support the jury's verdict, we affirm.

1. We review the trial court's denial of Little's motion for directed verdict under the same standard we use to review the sufficiency of the evidence.[1]

[W]e view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.[2]

---

[11] See id.

[1] See *Wallace v. State*, 253 Ga. App. 220 (1) (558 SE2d 773) (2002).

[2] Id.

So viewed, the evidence shows that the victim, L. S., was ten or eleven years old at the time the offenses occurred. In December 1995, the victim was living with her sister, her mother, and her mother's boyfriend, Little. The victim testified that on numerous occasions, Little touched her on her breasts and vagina. The victim further stated that, in other instances, Little "pulled down [her] clothes and his clothes and laid on the bed and then he put his private in [her] private." According to the victim, her private was her vagina, and Little's private was his penis.

After the last time Little had intercourse with L. S., during March 1996, L. S.'s mother found the victim crying. L. S. told her mother that Little "had been messing with her. . . . [He took] her clothes off and [got] on top of her. . . ." Upon learning what happened, L. S.'s mother took her to the hospital to be examined. The examining physician testified that L. S. told him that from December 1995 through March 20, 1996, "she had been molested and sexually penetrated at least twice a week by her mother's boyfriend." The physician found that L. S.'s condition was "typical of penetration on numerous occasions over a relatively long period of time; months would be logical."

Little was subsequently interviewed by Georgia Bureau of Investigation Agent Swanee Owen. Agent Owen testified that, before the interview, Little was informed about and waived his *Miranda* rights.[3] According to Owen, Little stated "that he had had sexual contact with [L. S.] on one occasion." Little explained to Agent Owen that the incident occurred while he was nude and wrestling with L. S. Owen testified that Little said "that he got an erection and that [L. S.] grabbed his penis." When Owen asked Little to tell her more about the incident, Little reportedly responded that "he could not tell . . . the whole truth for fear of losing his freedom." Agent Owen testified that Little nevertheless told her that, on another occasion "he had grabbed [L. S.'s] breasts."

Little testified at trial that L. S. had once touched his penis when he was getting out of the shower. He denied, however, that he had any sexual encounters with the victim.

On appeal, Little argues that the evidence was insufficient to support his conviction because "[t]he testimony of the victim and the Appellant are in conflict." But on appeal, we do not resolve conflicts in the evidence, which are a matter for the jury.[4] And because the evidence here amply supported Little's convictions, the trial court properly denied his motion for a directed verdict.[5]

---

[3] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[4] See *Wallace*, supra.

[5] See id. at 221-222; OCGA §§ 16-6-3 (a) (defining offense of statutory rape); 16-6-4 (a) (defining offense of child molestation).

2. Little also asserts that the trial court erred in admitting Agent Owen's testimony concerning Little's inculpatory statements about sexual encounters with the victim and his fear of losing his freedom. Little argues that the trial court erred in admitting the statements because his waiver of *Miranda* rights did not apply to the statements. We disagree.

On appeal we will uphold the trial court's factual determinations concerning the admissibility of Little's statement unless those determinations are clearly erroneous.[6] Evidence produced at a *Jackson-Denno* hearing[7] reveals that Little made the statements in connection with a polygraph examination he took. Little consented to taking the exam, and after being informed about his *Miranda* rights, which, according to Agent Owen, he appeared to understand, Little agreed to waive the rights and executed a written waiver. After administering the polygraph test, Owen gave Little a chance to tell his "side of the story." Little apparently made the inculpatory statements at issue during this post-examination interview.

Little argued at the hearing, and asserts here, that he believed his waiver of rights applied only to responses he gave while connected to the polygraph machine. The trial court found, however, that Little voluntarily made the statements after knowingly waiving his rights and that the waiver applied to all the statements he made. Given the evidence presented at the *Jackson-Denno* hearing, the trial court did not clearly err in admitting the evidence.[8]

3. Little next asserts that the trial court erred in denying his motion for mistrial. The motion was based on a response Little gave during cross-examination by the prosecuting attorney. The prosecutor asked Little if he had told Agent Owen that he "didn't want to tell her everything because [he] was afraid to lose [his] freedom." Although the question required only a "yes" or "no" answer, Little elaborated on why he made the statement, testifying that he had "just got out of prison." Little contends that the trial court should have granted a mistrial because the prosecutor was "intentionally trying to bring [his] character into evidence by improper means." We disagree. "The testimony was not responsive to the prosecutor's question[, and a] nonresponsive answer that impacts negatively on a

---

[6] See *Hill v. State*, 250 Ga. App. 897, 905 (4) (553 SE2d 289) (2001).

[7] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[8] See *Smith v. State*, 265 Ga. 570, 571 (2) (459 SE2d 420) (1995) (post-polygraph statement which was freely and voluntarily made was admissible); *Drane v. State*, 265 Ga. 255, 258 (5) (455 SE2d 27) (1995) ("admissions which are otherwise competent and admissible are not to be excluded simply because the admissions were made after the taking of a lie detector test"). Compare *State v. Williams*, 217 Ga. App. 734, 735 (458 SE2d 906) (1995) (evidence showed that defendant's waiver of rights for polygraph examination was limited to questions that were previously approved by defense counsel).

defendant's character does not improperly place the defendant's character in issue."[9] Accordingly, "the trial court did not abuse its discretion in denying the motion for mistrial."[10]

4. After the jurors began deliberating, they asked the trial court if they could rehear Agent Owen's testimony. Although the court initially denied the request based on Little's objections, upon reconsideration, the trial judge decided to grant the request. While informing the jurors that he had reconsidered their request, the trial judge stated:

> I was under the mistaken impression that one of the parties had the right to object and I find now that that's not true, that it's not objectionable, it's within the discretion of the Court, a very limited discretion, and if you request it, you should hear it in my discretion, and so I'm going to allow you to re-hear it.

On appeal, Little asserts that the trial court's statement to the jury "amounted to a comment and [placed] undue emphasis on the evidence and should not have been made." Again, we disagree.

Initially, we note that, as stated by the trial court, it had discretion to permit the jury to rehear requested parts of the evidence after they began deliberations.[11] Thus, to the extent that Little believes that the trial court was not permitted to replay the testimony, he is mistaken.[12] Furthermore, the record reveals that, although Little objected below to the trial court's decision to replay the testimony, he did not object to the judge's explanation to the jury of his decision. Because "[a] ground not raised by objection at trial cannot be raised for the first time on appeal," Little waived this objection.[13] Finally, we note that, even if Little had raised his objection below, as a general rule " 'remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence.' "[14]

5. Little also challenges the legality of his sentence. He asserts that the trial court erred in sentencing him on both counts because the evidence at trial showed that he committed only one incident of sexual misconduct during the time period specified in the indictment. We disagree. The State charged Little with child molestation and

---

[9] (Punctuation omitted.) *Adams v. State*, 274 Ga. 854, 855 (2) (561 SE2d 101) (2002).

[10] Id.

[11] See *Martin v. State*, 240 Ga. App. 901, 903 (2) (525 SE2d 728) (1999).

[12] See id.; *Williams v. State*, 205 Ga. App. 445-446 (2) (422 SE2d 309) (1992); *Pontoon v. State*, 177 Ga. App. 868-869 (1) (341 SE2d 505) (1986).

[13] (Punctuation omitted.) *Thomas v. State*, 256 Ga. App. 712, 714 (2) (569 SE2d 620) (2002).

[14] *Crowe v. State*, 265 Ga. 582, 594 (19) (458 SE2d 799) (1995).

statutory rape under an indictment that alleged two distinct sets of facts within a specified time frame. "Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts or a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes."[15] As the evidence at trial showed that Little committed both acts on multiple occasions during this time frame, this assertion is without merit.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED MARCH 6, 2003.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney, Jana M. Bruner, Assistant District Attorney*, for appellee.

---

[15] (Punctuation and emphasis omitted.) *Salley v. State*, 199 Ga. App. 358, 362 (4) (405 SE2d 260) (1991).
[1] See *South v. Bank of America*, 250 Ga. App. 747 (551 SE2d 55) (2001).