## A08A0408. TAYLOR v. THE STATE.
### (666 SE2d 85)

BARNES, Chief Judge.

Robert Lee Taylor appeals his convictions on several counts of child molestation committed on his girlfriend's five-year-old son. He alleges the trial court erred by misapplying the child hearsay statute and by imposing separate sentences on Counts 1 and 2 alleging child molestation by anal sodomy and on Counts 3 and 4 alleging child molestation by oral sodomy. Taylor also contends the evidence was insufficient to prove his guilt, beyond a reasonable doubt, of two of the child molestation counts. For the reasons stated below, we affirm in part and reverse in part.

Taylor was indicted for two counts of aggravated child molestation by anal sodomy, two counts of aggravated child molestation by oral sodomy, one count of aggravated child molestation for penetrating the child's anus with his tongue, and another count of child molestation by licking the child's back and buttocks. Each count alleged that the crimes took place between October 1, 2005, and December 6, 2005. The two anal sodomy molestation counts were identical to each other, as were the two oral sodomy molestation counts, but each alleged that "the offense . . . occurred at a different time than the offense alleged in" the corresponding identical count. Taylor was convicted on all counts and sentenced to serve thirty years on the first count of aggravated child molestation, to serve ten years consecutively on the second count, to serve ten years concurrently on each of Counts 3 through 5, followed by twenty years on probation on Count 6 to be served consecutive to all the other counts.

Viewed in support of the verdict, the evidence shows that the child's mother reported to the police that her son said that Taylor had put his penis in the child's "backside." According to the mother, she spoke with Taylor that night and he admitted that he had molested the boy by putting his mouth on the boy's penis. Taylor, however, denies that this conversation took place. The child was taken to a child advocacy center where a physical examination was conducted with negative results, which result is not unusual in child molestation cases.

The clinical director of the child advocacy center testified that she interviewed the child, who told her that Taylor put his penis in the child's backside more than one time, that Taylor put his mouth on the child's penis on two different occasions, and that Taylor "licked the inside of his backside" as the child was bending down. The victim told the interviewer "contextual details in that [Taylor's penis] felt hard," and that "it hurted [sic] and that it hurt really bad." The State played for the jury a videotape of the director's interview with the victim.

The child, who was seven years old at the time of the trial, testified that Taylor "stuck his private in my behind" a "lot," that Taylor put his tongue on the boy's "private," and that Taylor "put his tongue on my behind." Taylor testified and denied all of the charges against him.

1. Taylor contends the trial court misapplied OCGA § 24-3-16,[1] the child hearsay statute, in admitting the tape of the child's interview at the child advocacy center. The trial court found that it saw

> nothing in [the tape] to indicate to [the court] that there's any reason to question the reliability of the statements given. [The court] found nothing to indicate any suggestion of answers or any attempt to influence the child in any way to answer in any particular way, and therefore, would allow it to be used as part of the evidence in the case.

Taylor argues that the trial court misapplied the statute by interpreting it to mean that such hearsay is admissible unless the circumstances reflected that it was not reliable, while the converse is true: The evidence is only admissible if the court finds "sufficient indicia of reliability." OCGA § 24-3-16. We find no error. In stating that the court found no reason to question the reliability of the child's statement, the court, in effect, made the required finding that the tape was reliable.

> There is no requirement that the trial court make a specific finding of sufficient indicia of reliability for out-of-court statements of a child victim to be admissible. The statutory requirement is met if, after both parties have rested, the record contains evidence which would support such a finding.

*Ingram v. State*, 262 Ga. App. 304, 306 (2) (585 SE2d 211) (2003). We are satisfied that the court's comments were sufficient, and that the record contains evidence supporting the finding. Additionally, the victim was present in court and subject to cross-examination by defense counsel. Therefore, the statement was admissible. *Herrington v. State*, 241 Ga. App. 326, 329 (1) (527 SE2d 33) (1999).

---

[1] A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

2. Taylor further contends the trial court erred by imposing separate sentences for Counts 1 and 2 alleging aggravated child molestation by anal sodomy and for Counts 3 and 4 alleging aggravated child molestation by oral sodomy. He argues that a court cannot impose separate sentences on multiple convictions if the charges differ from one another only with respect to the averment of date and the date was not made an essential element. Taylor relies upon the rule that when an averment as to date is *not* particularized and all the dates alleged fall within the period of the statute of limitation, only one sentence can be imposed. See *Miller v. State*, 141 Ga. App. 382 (1) (233 SE2d 460) (1977).

Count 1 of the indictment averred that Taylor committed the offense of aggravated child molestation between October 1, 2005, and December 6, 2005, by unlawfully performing "a sex act with the person of [the victim], a child under the age of 16 years, said act involving the sex organs of the accused and the anus of the child, an act of sodomy, to wit: by inserting his penis into the anus of the child, with the intent to arouse and satisfy the sexual desires of [Taylor]. . . ." In a separate sentence the indictment also alleged that the "offense in Count 1 occurred at a different time than the offense alleged in Count 2." Count 2 contains the identical language in the body of the indictment, except that the additional sentence asserted that the "offense in Count 2 occurred at a different time than the offense alleged in Count 1." Counts 3 and 4, alleging oral sodomy involving the child's penis and Taylor's mouth, are also identical except for the additional sentences in each count averring that the offenses occurred "at a different time than the offense alleged in" the identical count.

The State contends, however, that under *Little v. State*, 260 Ga. App. 87, 91 (5) (579 SE2d 84) (2003), the averments in the indictment authorized the trial court to impose separate sentences on the four counts. The State has misconstrued *Little*, which held that because Little was charged "under an indictment that alleged two distinct sets of facts within a specified time frame," he could be punished for both offenses. Id. *Little* relied upon the rule set forth in *Salley v. State*, 199 Ga. App. 358, 362 (4) (405 SE2d 260) (1991): "Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts or a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes." (Emphasis omitted.) Most recently this court in *Hilliard v. State*, 193 Ga. App. 54 (1) (387 SE2d 21) (1989), held that when "[t]he two charges were indistinguishable since all of the averments including date (which was not made an essential element), victim, and description of defendant's conduct constituting

the offense were identical[,] [t]his lack of particularization permits the imposition of only one sentence." Compare *Williams v. State*, 202 Ga. App. 494, 496 (2) (414 SE2d 716) (1992) (when the indictment states that the alleged commission date is a material averment, separate sentences may be imposed).

In this case, the State alleged neither a different set of facts nor a different date which was made a material averment of the transaction. Therefore, the trial court erred by imposing separate sentences for Counts 1 and 2, and for Counts 3 and 4, and the case must be remanded so that the trial court may vacate one of the two sentences for each set of charges.

3. Taylor also contends the evidence is insufficient to support his conviction on Count 6. The indictment alleged that Taylor committed child molestation by "licking the [victim's] back and buttocks with the intent to arouse and satisfy his sexual desires."

Taylor argues that "licking another's back is not an inherently 'immoral and indecent act,' " and one cannot readily infer the actor's intent. We disagree. In effect, Taylor's argument is that the evidence is insufficient because there was no direct evidence of his specific intent to arouse or satisfy his sexual desires. This argument is without merit.

> The intent with which an act is done is peculiarly a question of fact for determination by the jury and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory, the verdict will not be set aside on that ground. Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this.

(Citation and punctuation omitted.) *Howard v. State*, 268 Ga. App. 558, 559-560 (602 SE2d 295) (2004). Here, the jury could infer from Taylor's actions that he acted with the intent to arouse or satisfy his sexual desires. Id.

"When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273

Ga. 380, 382 (1) (541 SE2d 653) (2001). Further, "[a]s long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the factfinder's verdict." (Citation and punctuation omitted.) *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001). Given the evidence in this case, this enumeration of error is without merit.

4. Taylor finally contends the evidence was insufficient to support his conviction for child molestation on Count 5, which alleged that the defendant's tongue penetrated the child's anus. Because the indictment charged that the molestation was committed by penetration of the victim's anus by Taylor's tongue, to sustain the conviction on this charge, the evidence must show actual penetration. In prosecutions for rape, "[t]he necessary penetration need be only slight and may be proved by indirect or circumstantial evidence." (Punctuation omitted.) *Lay v. State*, 264 Ga. App. 483, 484 (1) (591 SE2d 427) (2003). We see no reason why a different standard should be used in this appeal when determining whether the evidence of penetration was sufficient.

In this case, however, no evidence was presented showing or from which it could be inferred that Taylor's tongue actually penetrated the victim's anus. The evidence presented consisted only of the testimony from the director of the child advocacy center that Taylor "licked the inside of [the victim's] backside with his tongue," and the victim's testimony that Taylor put his tongue on the boy's behind. Accordingly, the conviction on this count must be reversed. See *Newton v. State*, 259 Ga. 853, 854 (2) (388 SE2d 698) (1990) (no evidence of penetration compelled reversal of rape conviction).

*Judgment affirmed in part and reversed in part with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 3, 2008 —
RECONSIDERATION DENIED JULY 23, 2008.

*James C. Bonner, Jr., Patricia McCann*, for appellant.
*Steven Askew, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.