## A09A0885. ADAMS v. THE STATE.

(681 SE2d 725)

JOHNSON, Presiding Judge.

A jury found Tavins Lee Adams guilty of child molestation, aggravated child molestation, aggravated sodomy, and enticing a child for indecent purposes. Prior to sentencing, the trial court merged the conviction for aggravated child molestation into the conviction for aggravated sodomy, and it sentenced Adams to twenty years in prison for each of the remaining three counts, for a total sentence of sixty years.

Adams filed a motion for new trial, which the trial court granted in part by merging Adams' conviction for child molestation into his conviction for aggravated sodomy. The trial court resentenced Adams to 30 years in prison for aggravated sodomy and 20 years for enticing a child for indecent purposes, for a total sentence of 50 years. Adams now appeals to this Court, claiming that the evidence was insufficient to sustain his convictions, that the trial court erred by charging the jury on a method of sodomy that was different than the allegations contained in the indictment, and that the trial court impermissibly modified his sentence. For the reasons that follow, we find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] Moreover, we do not weigh the evidence or consider witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that on December 30, 2005, Adams accompanied the 11-year-old victim and her family on an outing that included a stop at a Wal-Mart store in Statesboro. While the victim's family members were inside the store, Adams and the victim remained in the family's car, which was parked in front of the store. Adams pulled the victim from the front seat, where she was pretending to drive, into the back seat. Despite the victim's protests to leave her alone, Adams pulled down her pants, as well as his own. He then made contact with the victim's sexual organ, and he put his "private" on her "butt." The victim attempted to get away from Adams, and she scratched at his face in an attempt to make him stop.

Several patrons of the Wal-Mart store witnessed the sexual assault that Adams then perpetrated against the victim in the

---

[1] *Ortiz v. State*, 295 Ga. App. 546 (1) (672 SE2d 507) (2009).
[2] Id.

parking lot. The Statesboro Chief of Police arrived at the scene within two or three minutes, and police officers arrested Adams and escorted the victim to the hospital.

A nurse who examined the victim testified that the victim told her that Adams penetrated her with his penis, but she was not sure which orifice had been penetrated. An examination of rectal swabs taken from the victim revealed the presence of DNA from a human male, although the size of the sample was insufficient to match the DNA to a particular donor.

1. Adams claims that insufficient evidence supported his conviction for aggravated sodomy because the state failed to show that he penetrated the victim's anus. However, OCGA § 16-6-2 (a) (1)-(2) provides that

> [a] person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another[, and a] person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age.

Penetration is not an element of sodomy or aggravated sodomy, and, pretermitting whether anal penetration was sufficiently established by the evidence, the state was not required to prove penetration to support the aggravated sodomy charge filed against Adams.[3]

In addition, even though the indictment charged Adams with committing aggravated sodomy by performing "anal intercourse," no fatal variance existed between the indictment and the evidence at trial.

> Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allega-

---

[3] See *Smith v. State*, 210 Ga. App. 634, 636 (2) (d) (437 SE2d 333) (1993).

tions must be adequate to protect the accused against another prosecution for the same offense.[4]

We have previously held that, even where an indictment for sodomy alleges penetration and the evidence establishes only contact, so long as the indictment correctly states whose body parts are involved in the sodomy, there will generally be no fatal variance.[5] Here, the indictment accused Adams of "having committed the offense of aggravated sodomy . . . on December 30, 2005 [by] unlawfully perform[ing] a sexual act, to wit: anal intercourse . . . involving the sex organ of the accused and the anus of [the named victim,] said act being done with force and against the will of [the victim]." The indictment thereby satisfactorily informed Adams of the charge against him and protected him from subsequent prosecutions for the same offense.[6] Because Adams was not misled or prejudiced, any variance between the indictment and the evidence produced at trial was not fatal to Adams' conviction for aggravated sodomy.[7]

Adams cites to *Taylor v. State*[8] in support of his claim that evidence of actual penetration was required to uphold his conviction for aggravated sodomy. In *Taylor*, we reversed a conviction for child molestation where the indictment alleged penetration of the victim's anus by the defendant's tongue and the evidence showed only that the defendant "licked the inside of [the victim's] backside with his tongue."[9] In holding that evidence of actual penetration was required, we erroneously relied on rape cases, in which penetration is a required element of the offense.[10] *Taylor* did not distinguish any of the cases finding that evidence of contact was sufficient to support a conviction for child molestation even though the indictment alleged penetration.[11] To the extent that *Taylor* suggests evidence of actual

---

[4] (Punctuation and footnote omitted.) *Turner v. State*, 231 Ga. App. 747, 747-748 (1) (500 SE2d 628) (1998).

[5] Id. at 748 (1).

[6] *Pippins v. State*, 263 Ga. App. 453, 456-457 (3) (588 SE2d 278) (2003) (no fatal variance where indictments for aggravated child molestation and aggravated sexual battery alleged penetration but evidence established only contact).

[7] See *Williams v. State*, 284 Ga. App. 255, 256 (1) (a), (b) (643 SE2d 749) (2007) (no fatal variance where indictment for aggravated sodomy alleged penetration and state established contact between the defendant's sexual organ and the victim's mouth); *Griffis v. State*, 222 Ga. App. 322, 323 (1) (474 SE2d 119) (1996) (no fatal variance where indictment for aggravated sodomy alleged penetration and state established contact between the defendant's sexual organ and the victim's anus).

[8] 292 Ga. App. 846, 850 (4) (666 SE2d 85) (2008).

[9] (Punctuation omitted.) Id.

[10] See *Lay v. State*, 264 Ga. App. 483, 484 (1) (591 SE2d 427) (2003).

[11] See, e.g., *Collins v. State*, 269 Ga. App. 381, 382 (1) (b) (604 SE2d 240) (2004) (conviction affirmed where indictment for child molestation alleged penetration and state established contact between either the defendant's sex organ or hand and the sex organ of

penetration is required in such a case without consideration of whether the indictment satisfactorily informed the defendant of the charge against him and protected him from subsequent prosecutions for the same offense, it is hereby overruled.

2. Adams also alleges that insufficient evidence supported his convictions for child molestation and aggravated child molestation because the indictment alleging those offenses also asserted that he had penetrated the victim. However, penetration is not a required element of either child molestation or aggravated child molestation,[12] and, as acknowledged by Adams in his motion for new trial seeking merger of the conviction for child molestation into the conviction for aggravated sodomy, the evidence that supported Adams' conviction for aggravated sodomy also supported his convictions for child molestation and aggravated child molestation.

3. Adams claims that the trial court erred when, after providing the jury with the statutory definition of the lesser included offense of sodomy, it charged the jury that proof of penetration was not required to find him guilty of sodomy. As discussed in Division 1, supra, however, the trial court's charge was a correct statement of law, and there was no fatal variance between the indictment and the evidence presented at trial. Because the jury charge properly set forth the basis on which the jury was authorized to find Adams guilty of sodomy and would not have confused a juror of average intelligence, the trial court did not err in providing the charge.[13]

4. Adams also claims that the trial court erred by increasing his sentence for aggravated sodomy. Pursuant to *North Carolina v. Pearce*,[14] a trial court is limited in its ability to increase a defendant's sentence upon resentencing. To avoid a presumption that the trial court has acted vindictively, the record must affirmatively show "objective information justifying the increased sentence."[15] However, the application of the *Pearce* presumption should be limited to circumstances

> in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reason-

---

victim); *Buice v. State*, 239 Ga. App. 52, 58 (4) (520 SE2d 258) (1999) (conviction affirmed where indictment for child molestation alleged penetration but evidence established only contact).

[12] See OCGA § 16-6-4 (a) and (c).

[13] *Knight v. State*, 239 Ga. App. 710, 714 (4) (b) (521 SE2d 851) (1999).

[14] 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969).

[15] (Citation and punctuation omitted.) *Texas v. McCullough*, 475 U. S. 134, 142 (III) (106 SC 976, 89 LE2d 104) (1986).

able likelihood, the burden remains upon the defendant to prove actual vindictiveness.[16]

Because *Pearce* applies a presumption of vindictiveness only when a judge "imposes a more severe sentence" on resentencing,[17] we first must establish whether the severity of Adams' sentence was, in fact, increased. At the resentencing hearing, the trial court merged Adams' conviction for child molestation, to which he had been sentenced to 20 years in prison, into his conviction for aggravated sodomy. The trial court then sentenced Adams to 30 years in prison for aggravated sodomy. While such term was ten years longer than Adams had originally been sentenced for that count, the elimination of the twenty-year sentence for child molestation arising out of the same facts and circumstances resulted in Adams' aggregate sentence being reduced by ten years.

In *Anthony v. Hopper*,[18] the Supreme Court of Georgia applied a "count by count" approach in determining that a defendant's sentence had been increased where the trial court had eliminated a three-year sentence on one count but added three years to the defendant's sentence on another count.[19] Unlike in this case, however, the trial court in *Anthony* had initially sentenced the defendant for multiple counts arising out of two *separate* incidents; and this Court has already determined that *Anthony* may not be applicable if the trial court initially sentenced the defendant under a "comprehensive sentencing scheme" for multiple counts arising out of the same facts and circumstances.[20]

Given that the trial court initially sentenced Adams to an aggregate of 60 years in prison for the sexual offenses he committed against the victim and later resentenced Adams to 50 years in prison for counts arising out of the same incident, we find that the severity of Adams' sentence was not increased. Moreover, because the trial court granted Adams' request to merge his conviction for child molestation, contrary to the request of the state, immediately prior to resentencing Adams, there is no reasonable likelihood that the sentence was the product of actual vindictiveness.[21] Adams has not

---

[16] (Citations and punctuation omitted.) *Alabama v. Smith*, 490 U. S. 794, 799-800 (109 SC 2201, 104 LE2d 865) (1989).

[17] *Pearce*, supra at 726 (II) (C).

[18] 235 Ga. 336 (219 SE2d 413) (1975).

[19] Id. at 337-338 (1).

[20] *Blake v. State*, 272 Ga. App. 402, 404 (1) (612 SE2d 589) (2005); see also id. at 408-409 (noting that a majority of federal circuit courts of appeal reject the "count-by-count" approach of *Anthony* and instead consider whether the defendant's sentence has been increased in the aggregate) (Bernes, J., concurring specially).

[21] See *Alabama*, supra; see also *Curry v. State*, 248 Ga. 183, 186 (4) (281 SE2d 604) (1981)

presented any evidence to prove actual vindictiveness, and the trial court therefore did not err in resentencing Adams.

*Judgment affirmed. Miller, C. J., Andrews, P. J., Blackburn, P. J., Smith, P. J., Barnes, Ellington, Phipps, Mikell, Adams, Bernes and Doyle, JJ., concur.*

DECIDED JULY 13, 2009

Robert L. Persse, for appellant.

Richard A. Mallard, District Attorney, Daphne H. Jarriel, Assistant District Attorney, for appellee.

---

("there is no suggestion of vindictiveness against the defendant for having exercised any legal right; there is only the trial court's effort to make the punishment fit the crime of which the jury had found the defendant to be guilty").