**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

August 7, 2012

# In the Court of Appeals of Georgia

A12A1469. PENDLETON v. THE STATE.

DILLARD, Judge.

Following a trial by jury, Brandon Deon Pendleton was convicted on four counts of aggravated child molestation. On appeal, Pendleton contends that the trial court erred by denying a motion to suppress a custodial statement to law enforcement and that the evidence was insufficient to sustain his convictions. For the reasons set forth *infra*, we affirm Pendleton's convictions.

Viewed in the light most favorable to the verdict,[1] the record reflects that Pendleton was a foster child who moved in with the victim's family so that he could remain in the same high school after his prior foster family moved to another county. Thus, in the spring of 2008, when Pendleton was 18, he moved in with his new

---

[1] *See, e.g.*, *DeLong v. State*, 310 Ga. App. 518, 518 (714 SE2d 98) (2011).

family, with whom he had become acquainted because they lived in the same neighborhood.

Despite his new parents' efforts to become a foster family and to treat him as one of their own children, Pendleton exhibited violent behavior in the household and engaged in physical altercations with the victim, 12-year-old A. L. The family eventually sought to have Pendleton removed from the home due to these problems. But before that could take place, A. L. disclosed to his mother that Pendleton had sexually molested him on two different occasions.

A. L.'s outcry occurred after his younger cousin reported that A. L. had made inappropriate sexual contact with him. Although A. L. initially denied that he had himself been molested,[2] when confronted a second time about having inappropriate contact with his cousin, A. L. began to cry and disclosed that Pendleton had on two occasions engaged in oral sodomy with him and had forced him to do the same, and that Pendleton attempted anal sodomy with him on one occasion.

Thereafter, A. L. underwent a forensic interview, and Pendleton was arrested by law enforcement and interviewed, during which he denied having sexual contact

---

[2] A. L. testified that he did so because he feared that Pendleton would hurt him.

with A. L. Pendleton was convicted by a jury on four counts of aggravated child molestation. This appeal follows.

At the outset, we note that on appeal of Pendleton's criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and Pendleton "no longer enjoys a presumption of innocence."[3] And we neither weigh the evidence nor assess witness credibility, "which are tasks that fall within the exclusive province of the jury."[4] With these guiding principles in mind, we turn now to Pendleton's enumerations of error.

1. Pendleton first contends that the trial court erred by denying his motion to suppress the custodial statement he made to police when that statement was not made knowingly and voluntarily. We disagree.

The question of whether a waiver of rights and a subsequent statement are knowing and voluntary "depends on the totality of the circumstances."[5] And we will affirm a trial court's "factual determinations and credibility findings related to the

---

[3] *Id.* at 519-20.

[4] *Id.* at 520 (punctuation omitted).

[5] *Powers v. State*, 314 Ga. App. 733, 735 (2) (725 SE2d 848) (2012) (punctuation omitted).

3

admissibility of statements unless they are clearly erroneous."[6] Nevertheless, when "controlling facts are not in dispute, such as those discernible from a videotape, our review is de novo."[7]

The trial court, in a summary order, found that Pendleton was in custody at the time of the interview, that he was properly advised of his *Miranda* rights, and that the statement was voluntary. On appeal, Pendleton argues that the totality of the circumstances show that his statement was not freely and voluntarily given because, at the motion-to-suppress hearing, the testifying officer could not recall advising Pendleton of the charges against him, taking any breaks, or offering food or drink. Additionally, Pendleton, who was in the 12th grade at the time, became emotional at one point during the interview, which lasted between two and three hours. Nevertheless, we disagree with Pendleton that the totality of the circumstances present a statement not freely and voluntarily given.

Our review of the record shows that Pendleton was 19-years-old and in the 12th grade at the time of the interview; was under arrest; was not handcuffed or

---

[6] *Id.*

[7] *Boyd v. State*, __ Ga. App. __, __ (1) (726 SE2d 746) (2012) (punctuation omitted).

4

otherwise restrained during the interview; was aware that he was being questioned with regard to A. L.'s allegations of molestation; understood that allegations of molestation were serious; was not under the influence of drugs or alcohol; was advised of his *Miranda* rights within the first few minutes, waived those rights, and signed a form confirming same; was allowed breaks during the course of the interview and offered something to drink; was not threatened or made any promises by the officers; remained cooperative and open to answering questions during the duration of the interview, and was detailed and clear in doing so. Throughout the interview, Pendleton denied molesting A. L. and spent the majority of the time describing his sexual encounters with males and females, including A. L.'s older sister (who was over the age of 16). This evidence authorizes the conclusion that Pendleton "made a knowing, intelligent, and voluntary decision to speak with the detective[s] and give his oral statements."[8]

2. Pendleton next contends that the evidence was insufficient to sustain his convictions for aggravated child molestation. We disagree.

---

[8] *Ellis v. State*, No. A12A0232, 2012 WL 2369302, at *6 (3) (Ga. App. June 25, 2012).

5

A person commits the offense of aggravated child molestation when he or she "commits an offense of child molestation which . . . involves an act of sodomy."[9] Pendleton was indicted for aggravated child molestation in that he placed "his mouth on the sex organ of the child" on two occasions, placed "his sex organ in the mouth of the child," and placed "his sex organ in the anus of the child." In addition to presenting the testimony of a cellmate to whom Pendleton made a detailed "jail-house confession" to the charged offenses of aggravated child molestation (bragging that he would never be convicted and expressing a desire to kill certain members of his foster family with a nail gun), the State presented other evidence of guilt.

As to the two counts regarding forcing A. L. to perform oral sex on Pendleton, the State presented sufficient evidence when A. L. testified that Pendleton had forced him to do so on two different occasions.[10] This testimony was corroborated by his mother's testimony concerning A. L.'s outcry regarding same, by the videotaped forensic interview in which A. L. repeated the allegations, and by A. L.'s description

[9] OCGA § 16-6-4 (c).

[10] *See* OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *see also Obeginski v. State*, 313 Ga. App. 567, 569 (1) (722 SE2d 162) (2012) (sufficient evidence when defendant engaged in oral sex with victim).

6

that Pendleton shaved his pubic hair, which Pendleton confirmed in the interview with law enforcement.[11]

As to the count regarding Pendleton performing oral sex on A. L., although A. L. did not testify to this at trial, the State presented sufficient evidence when his mother testified that A. L. told her that Pendleton put his mouth on A. L.'s penis, and by the videotaped forensic interview in which A. L. described how Pendleton performed oral sex on him.[12] Indeed, any inconsistencies between the victim's trial testimony and his out-of-court statements "were issues of witness credibility that were solely within the province of the jury and play no part in this Court's sufficiency of the evidence review."[13]

---

[11] *See* OCGA § 24-3-16 ("A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."). *Cf. Lipscomb v. State*, No. A12A0506, 2012 WL 1150231, at *2 (1) (Ga. App. April 9, 2012) (victim's claim that defendant's genitals were exposed to her was corroborated by description of defendant's penis and photographic evidence of same).

[12] *See* OCGA § 24-3-16.

[13] *Lopez v. State*, 291 Ga. App. 210, 212 (1) (661 SE2d 618) (2008) (punctuation omitted); *see also Hargrave v. State*, 311 Ga. App. 852, 856-57 (2) (717 SE2d 485) (2011).

7

Finally, as to the count regarding Pendleton's act of placing his penis in A. L.'s anus, the evidence was sufficient when the State presented testimony by A. L. that Pendleton attempted anal sodomy,[14] which was corroborated by the mother's testimony and by the forensic interview.[15] Although there was no medical evidence of penetration and A. L. testified to being unsure of whether penetration occurred, the State was not required to prove penetration to present sufficient evidence on this count.[16]

Accordingly, for all the foregoing reasons, we affirm Pendleton's convictions.

*Judgment affirmed. Ellington, C. J., and Phipps, P. J., concur.*

---

[14] *See* OCGA § 24-4-8.

[15] *See Smith v. State*, 210 Ga. App. 634, 636 (2) (c) (437 SE2d 333) (1993) (sufficient evidence of aggravated child molestation when forensic interview and outcry witnesses revealed that defendant attempted to anally sodomize the victim).

[16] *See Adams v. State*, 299 Ga. App. 39, 42 (2) (681 SE2d 725) (2009) ("[P]enetration is not a required element of either child molestation or aggravated child molestation . . . ."); *see also id.* at 40 (1) ("Penetration is not an element of sodomy or aggravated sodomy . . . .").