# Court of Appeals
# of the State of Georgia

ATLANTA,  November 27, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0473.  ROBERT TAYLOR v. THE STATE.**

In 2007, a jury found Robert Taylor guilty of four counts of aggravated child molestation (Counts 1-4) and one count each of aggravated sexual battery (Count 5) and child molestation (Count 6), and the trial court imposed a sentence of 40 years in prison, to be followed by 20 years on probation.  On direct appeal, we affirmed in part and reversed in part.  *Taylor v. State*, 292 Ga. App. 846 (666 SE2d 85) (2008), overruled in part by *Adams v. State*, 299 Ga. App. 39, 41-42 (1) (681 SE2d 725) (2009).  On remand, in accordance with our rulings on appeal, the trial court vacated the convictions and sentences imposed for Counts 2, 4, and 5, the net effect of which reduced Taylor's total sentence to 30 years in prison, to be followed by 20 years on probation.  See *Taylor v. State*, No. A11A1068, at 2-3 (Nov. 21, 2011).

In 2010, Taylor filed a motion to correct an illegal sentence, claiming that the trial court had improperly modified his sentence following his direct appeal.  We dismissed Taylor's appeal from the denial of his 2010 motion on the ground that he had not raised a colorable void-sentence claim.  See *Taylor*, No. A11A1068, at 4-5.

In 2017, Taylor filed a motion to modify or reduce his sentence, contending that the trial court erred by (i) sentencing him "under [a] mandatory regime" and (ii) failing to conduct a presentence investigation.  The trial court denied Taylor's motion, and he filed this direct appeal.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case

doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (citations and punctuation omitted). Our 2011 dismissal of Taylor's appeal from the denial of his prior challenge to the legality of his sentence precludes us from revisiting the same issue in the instant appeal. See id. at 328.

Even if this appeal were not barred by the law of the case, it still would be subject to dismissal for failure to state a colorable void-sentence claim. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Taylor's "mandatory regime" claim concerns sentencing in federal prosecutions, and has no applicability here. See generally *United States v. Booker*, 543 U. S. 220 (125 SCt 738, 160 LE2d 621) (2005). His contention regarding the failure to conduct a presentence investigation is a procedural issue that does not state a void-sentence claim. See *Jones*, 278 Ga. at 670-671 ("Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification."). Absent a colorable void-sentence claim, we lack jurisdiction over this appeal. See *Frazier*, 302 Ga. App. at 348-349.

For each of the above reasons, Taylor is not entitled to a direct appeal in this case.  Consequently, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/27/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*